STATE

v.

## William PALLISTER.

### No. 2006–23–C.A.

Supreme Court of Rhode Island.

Jan. 19, 2007.

Aaron L. Weisman, Providence, for plaintiff.

John J. Bevilacqua, Providence, for defendant.

## O R D E R

After pleading *nolo contendere* to two counts of first-degree child molestation sexual assault,[1] the defendant, William Pallister, was sentenced to a term of twenty years imprisonment, with six years to serve on each count. The sole contention he raises on appeal is that the trial justice committed an error of law when he determined that the court was statutorily precluded from exercising its discretion to place Mr. Pallister on home confinement

---

1. General Laws 1956 § 11–37–8.1 reads as follows:

    **"First degree child molestation sexual assault.** — A person is guilty of first degree child molestation sexual assault if he or she engages in sexual penetration with a person fourteen (14) years of age or under."

as a condition of probation. This case came before the Supreme Court for oral argument based on an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. After reviewing the record and considering the arguments of counsel and the memoranda submitted by the parties, we are satisfied that the appeal may be decided without the necessity of further briefing or argument. We affirm the judgment of the Superior Court.

On November 26, 2004, Mr. Pallister pled *nolo contendere* to the two counts in exchange for which a third charge of first-degree child molestation sexual assault and two counts of second-degree child molestation sexual assault[2] were dismissed. As a result of the plea negotiations, the trial justice agreed to limit defendant's sentence to twenty-five years at the Adult Correctional Institutions on each count, with maximum time to serve capped at eight years. On the plea form, however, defendant reserved the opportunity to argue that he be placed on home confinement, in lieu of time to serve. Indeed, before sentencing, defendant submitted a memorandum in which he requested that given his age (he was, at the time, seventy-four years old), his extensive ties to the community, and his seventy-eight-year-old wife's need for care, he be sentenced to probation, with home confinement a condition of probation. At the sentencing hearing, the trial justice rejected Mr. Pallister's request, ruling that the provisions of G.L.1956 § 42–56–20.2 made Mr. Pallister ineligible for home confinement. Instead,

the trial justice sentenced defendant to a term of twenty years on each count, with six years to serve. A judgment of conviction and commitment was entered on February 4, 2005, from which defendant timely appealed.

Now before this Court on direct appeal, Mr. Pallister contends that the trial justice erred as a matter of law when he determined that he was statutorily precluded from exercising any discretion to place defendant on home confinement as a condition of probation. We conclude, however, that defendant's appeal is not properly before us.

As this Court long has held, we will "'not consider the validity or the legality of a sentence on direct appeal'" absent "'extraordinary circumstances[.]'" *State v. Ibrahim*, 862 A.2d 787, 793–94 (R.I.2004) (quoting *State v. Bettencourt*, 723 A.2d 1101, 1114 (R.I.1999)). "Rather, we have repeatedly held that the proper procedure for a review of a sentence begins in the Superior Court under Rule 35 of the Superior Court Rules of Criminal Procedure." *Id.* at 794 (quoting *Bettencourt*, 723 A.2d at 1114). Here, Mr. Pallister pled *nolo contendere* with the knowledge that the court could impose a cumulative sentence of twenty-five years, with an eight-year "cap" to serve. Not only does the imposed sentence of twenty years, with six years to serve, fall within the bounds that the parties set in the aforementioned agreement, but it also is within the statutory parameters[3] and is consistent with the Superior Court sentencing benchmarks. *See* Supe-

---

2. Section 11–37–8.3 reads:

"**Second degree child molestation sexual assault.** — A person is guilty of a second degree child molestation sexual assault if he or she engages in sexual contact with another person fourteen (14) years of age or under."

3. Section 11–37–8.2, as amended by P.L. 1984, ch. 59, § 2 states:

"**Penalty for first degree child molestation sexual assault.** — Every person who shall commit first degree child molestation sexual assault shall be imprisoned for a period of not less than twenty (20) years and may be imprisoned for life."

rior Court Sentencing Benchmark 35A. Given the circumstances surrounding the terms of the sentence imposed, we are satisfied that defendant has not shown "extraordinary circumstances" such as would warrant our review of the sentence on direct appeal.

Moreover, a review of the record reveals that the trial justice carefully considered a number of factors, including "the potential injurious effects of incarceration," before imposing sentence. It is clear to us that the trial justice appropriately exercised his discretion in determining that a sentence of six years to serve was warranted, thus rendering futile the defendant's request that he be sentenced to probation, with home confinement.

Accordingly, we affirm the judgment of conviction and commitment, and we remand the papers to the Superior Court.